UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : INDICTMENT

- v. - :

MARK LEITZSEY, : S1 10 Cr. 736 (BSJ)
a/k/a "Jordie,"
LUIS GRULLON, :
a/k/a "Bones,"
:
Defendant.
:

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01 SEP 2010

COUNT ONE
(Sex Trafficking)

The Grand Jury charges:

1. From in or about 2006, up to and including on or about August 6, 2010, in the Southern District of New York and elsewhere, MARK LEITZSEY, a/k/a "Jordie," the defendant, unlawfully, willfully and knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause the person to engage in a commercial sex act, and that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, LEITZSEY recruited, enticed, transported, provided,

and maintained an individual who was less than 18 years old ("Victim-1") to engage in commercial sex acts that benefitted LEITZSEY financially, and, on at least one occasion, LEITZSEY used force, threats of force, and coercion to compel Victim-1 to engage in commercial sex acts with other persons in exchange for money, at least some of which was paid to LEITZSEY.

(Title 18, United States Code,
Sections 1591(a) & (b)(1), and 2.)

COUNT TWO
(Narcotics Conspiracy)

The Grand Jury further charges:

2. From in or about December 2009, up to and including in or about July 2010, in the Southern District of New York and elsewhere, MARK LEITZSEY, a/k/a "Jordie," LUIS GRULLON a/k/a "Bones," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

3. It was a part and an object of the conspiracy that MARK LEITZSEY, a/k/a "Jordie," LUIS GRULLON a/k/a "Bones," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. The controlled substances involved in the offense

were mixtures and substances containing:

a. Cocaine base, which is commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C);

b. 3,4-methylenedioxymethamphetamine (MDMA), which is commonly known as "ecstasy," in violation of Title 21, United States Code, Section 841(b)(1)(C); and

c. Marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATIONS

5. As a result of committing the sex trafficking offenses alleged in Count One of this Indictment, MARK LEITZSEY, a/k/a "Jordie," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594: (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

6. As a result of committing the controlled substance offense alleged in Count Two of this Indictment, MARK LEITZSEY, a/k/a "Jordie," and LUIS GRULLON a/k/a "Bones," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853:

(1) any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Two of this Indictment.

Substitute Asset Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other

property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**MARK LEITZSEY,**
**a/k/a "Jordie,"**
**LUIS GRULLON**
**a/k/a "Bones,"**

**Defendant.**

---

**INDICTMENT**

S1 10 Cr. 726 (BSJ)

(18 U.S.C. §§ 1591(a) & (b)(1), and 2;
21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

9/1/10 Superseder filed M J Gorenstein